MILTON J. BUDLONG *vs.* JESSIE MARGARET BUDLONG.

NOVEMBER 21, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

STEARNS, C. J.   The appeal of Jessie M. Budlong is from a decree of the Superior Court entered May 7, 1930, whereby she was permanently enjoined from interfering with Milton J. Budlong's custody of his minor sons.   The reasons of appeal are that the decree is against the law, the evidence and the "customary decisions of the courts."

Milton J. Budlong was granted a divorce from Jessie M. Budlong on the ground of extreme cruelty. By the final decree of divorce entered June 28, 1928, he was given the custody of his two sons "with the right in the respondent, Jessie Margaret Budlong, to see said children at such times and under such circumstances as the petitioner shall from time to time determine." The litigation between the parties was not ended by the final decree but has been continued with persistency by Mrs. Budlong in both State and Federal courts.

From the evidence it appears that Mr. Budlong has been faithful in the discharge of his duty as custodian of his children. He has given his time, money and thought freely in the effort to educate his children and to guard their health. Mrs. Budlong does not seriously question his good intentions. She says, however, that his judgment in the handling of the children is bad. John is now seventeen years old, Milton is thirteen. The father has placed these boys in schools of high standing. He has been obliged to take the boys out of several schools because the masters refused to allow them to remain; the objection in each instance was to the interference by Mrs. Budlong with school customs and discipline. Several times when one boy or the other has been ill Mrs. Budlong has interfered to such an extent with the medical treatment of the children that the doctors have threatened to withdraw. On one occasion, notwithstanding the opinion of the attending doctors to the contrary, Mrs. Budlong insisted that the younger boy had scarlet fever and that he should be treated for that disease. She was incorrect in her diagnosis. Later when John was ill she secured a copy of a nurse's hospital chart. Having formed an opinion from this chart of the nature of her son's illness, she insisted that the doctors should treat the case according to her diagnosis rather than their own. To a considerable extent she has caused the children to question and to disregard the rightful authority of the father. It is not essential to refer further to the evidence. Due consideration for the welfare of the

children makes it obligatory for the court to restrain Mrs. Budlong from continuing her harmful interference with their management. The father without the assistance and protection of the court can not properly perform his duty as custodian. The injunction to which objection is made is necessary to secure the enforcement of that part of the final decree with respect to custody. The mother always has had and should continue to have the opportunity to see her children at suitable times. The Superior Court when it granted the injunction assured her that she would be protected from any unfair abridgment of the privilege of seeing her children. The welfare of the children is the chief and decisive consideration; the wishes of the mother are subordinate.

Respondent in her brief, although not in her reasons of appeal, claims that the issuance of such an injunction as that under consideration is unauthorized by the laws of this State and is in violation of the State and the Federal constitution. No authority is cited in support of these contentions. We perceive in this decree no violation of either the State or the Federal constitution.

Divorce proceedings are statutory actions in which both jurisdiction and procedure depend on the statutes.

General Laws 1923, Chapter 339, Section 1 provides that all petitions for divorce shall follow the course of equity so far as the same is applicable. The Superior Court has original jurisdiction of petitions for divorce. It may regulate the custody and provide for the education, maintenance and support of children of all persons by it divorced or petitioning for a divorce, may make all necessary orders and decrees concerning the same and the same at any time may alter, amend, and annul for sufficient cause. G. L. 1923, C. 291, s. 14. The question of the custody of minor children in divorce proceedings, whether provided for in the final decree or otherwise, continues within the jurisdiction and control of the Superior Court. General Laws 1923, Chapter 291, Section 16 expressly provides for the granting of necessary

temporary injunctions during the pending of any petition for divorce until a hearing can be had before the court.

The injunction now in question was granted after a hearing and the entry of a final decree, it was necessary and appropriate to make the final decree relative to custody effective. The injunction was also authorized by General Laws 1923, Chapter 324, Section 6, which provides that the Supreme and the Superior Courts shall have power to enter such judgments, decrees and orders "as may be necessary or proper to carry into full effect all the powers and jurisdiction . . . conferred upon them respectively by the constitution or by law." See *Warren* v. *Warren*, 36 R. I. 167, *Ward* v. *Ward*, 48 R. I. 60; *Leighton* v. *Leighton*, 48 R. I. 195; *McGraw* v. *McGraw*, 48 R. I. 426. The practice is now well settled that the correct procedure to bring to this court for review a decree in divorce proceedings entered after the final decree is by an appeal, not by a bill of exceptions.

For the reasons stated the appeal is denied and dismissed, the decree appealed from is affirmed.

This cause is also before us upon two motions of the respondent to assign for hearing two bills of exceptions; one bill of exceptions is to the decision of the Superior Court of April 7, 1930; the other is to the decision of said court of May 6, 1930, in which a decree was entered May 7. The appeal from the decree of May 7 has already been considered.

The petitioner has made motions to dismiss the two bills of exceptions on the ground that the procedure to review the decisions complained of is improper.

The motions to assign the bills of exceptions are denied.

The motions to dismiss said bills of exceptions are granted and said bills of exceptions are dismissed.

The papers in the cause are ordered to be sent back to the Superior Court for Newport County.

*Hinckley, Allen, Tillinghast, Phillips and Wheeler, Abbott Phillips, Roger T. Clapp,* for petitioner.

Respondent *pro se ipso.*