Leona E. McKeon *vs.* James F. McKeon.

FEBRUARY 23, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Per Curiam. This petition for divorce alleges neglect to provide, gross misbehavior and extreme cruelty. In the Superior Court the trial justice found that the evidence was insufficient to support the charges of neglect to provide and gross misbehavior but the prayer of the petitioner was granted on the ground of extreme cruelty. The cause is here on respondent's exception to the decision.

There is no evidence of physical violence or threats of the same. The evidence relied upon in support of the charge of extreme cruelty does not prove a course of conduct deliberately intended to humiliate the petitioner and destroy her peace of mind. *Borda* v. *Borda*, 44 R. I. 337. It does tend to prove that the respondent was not as devoted to his wife and child as a husband and father should be. He spent little of his time with his family thus depriving his wife of association and companionship. But this negative conduct does not make out a case of extreme cruelty within the meaning of that term as heretofore construed by this court.

In *Grant* v. *Grant*, 44 R. I. 169, the rule was established that it is unnecessary to prove physical violence in order to sustain a charge of extreme cruelty. In that case there were persistent and positive acts of the respondent so repugnant to decent standards of conduct as to be a menace to the health of the petitioner. In *Borda* v. *Borda, supra,* there was evidence of violent attacks upon the moral character

of close relatives of the wife made in public places and in the home in the presence of servants, with the deliberate intention of humiliating her, which conduct resulted in injury to her health as testified to by her physician.

The trial justice in rendering his decision said: "Sometimes the most cruel treatment is the cruel treatment of disregard, the treatment of unconcern, the treatment of neglect, that treatment which does not injure the physical appearance of the individual but gnaws right into a person's soul." This might serve as a definition of mental cruelty which is a ground for divorce in some jurisdictions but, if mental cruelty is to be ground for divorce in this State, it must be ordained by legislative act and not by judicial decision.

The respondent's exception is sustained and the cause is remitted to the Superior Court with direction to dismiss the petition.

*Sigmund W. Fischer, Jr.*, for petitioner.
*James H. Kiernan, G. William Grande*, for respondent.