JENNIE B. BASTIEN *vs.* GEORGE BASTIEN.

JANUARY 16, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is a petition for divorce on the ground of extreme cruelty and a motion by the respondent in the nature of a cross-petition for divorce on the grounds of extreme cruelty and gross misbehavior. The petition was

denied and the motion in the nature of a cross-petition was granted by the Superior Court on the ground of extreme cruelty. The petitioner duly excepted to this decision of the trial justice and the cause is here on her bill of exceptions.

The petition was properly denied. There is no evidence upon which the petitioner's allegation of extreme cruelty can be supported. The only question remaining is whether or not the trial justice applied the correct rule of law to the evidence alleging extreme cruelty against the petitioner by the respondent in his motion. Unless the decision of the trial justice is clearly erroneous, it will not be disturbed. *Sayles* v. *Sayles,* 41 R. I. 170. We think the evidence does not support the charge of extreme cruelty alleged against the petitioner.

Extreme cruelty as a ground for divorce under our law is limited to physical cruelty, but such cruelty is not confined to acts of physical violence or threats of the same. It may result from acts or a course of conduct on the part of the guilty party totally devoid of any element of physical injury or threat of physical injury to the other party. This court has held that the effect of such conduct and not the conduct itself constitutes the basis for the charge of extreme cruelty under such circumstances.

In common with the attitude of courts generally, however, it has declined to attempt any precise legal definition of extreme cruelty. It has preferred to say that evidence either of physical violence or of threats of physical violence is not required to establish a charge of extreme cruelty, and has stopped short of an exclusive definition of the term. *Grant* v. *Grant,* 44 R. I. 169; *Borda* v. *Borda,* 44 R. I. 337. It has held that the cruel treatment of disregard, neglect and unconcern, not resulting in any impairment of the health of the injured party, while it may be mental cruelty, does not amount to that kind of cruelty which the legislature of this State has made a ground for divorce. *McKeon* v. *McKeon,* 54 R. I. 163.

The decisions of this court are clear on this point, that physical acts of cruelty are not of themselves indispensable to support a charge of extreme cruelty under the statute but their absence must be supplied by evidence of a deliberate course of conduct cruelly calculated to cause and which did in fact cause an impairment of health of the injured party. *Borda* v. *Borda, supra.* In that case the wife's allegations of cruelty on the part of the husband were sustained by this court, and it was said: "The continued abuse of those who were very dear to her can have had no purpose save to cause pain to the respondent. This deliberately cruel conduct of the petitioner undoubtedly affected the already impaired health of the respondent, as she claims that it did, and as her physician testified would be its natural result." And in *Grant* v. *Grant, supra,* the court sustained the finding of cruelty on the part of the husband for the reason that: "He willfully and designedly pursued a course of conduct, both in public and private, which was calculated to and actually did distress and humiliate his wife, not once but repeatedly. Petitioner testified that she became ill as a result of this conduct. Respondent claims that her illness was due to the influenza. Whatever be the fact, we think the inevitable result of the continuance of such conduct on the part of the respondent would be injurious to the health of his wife."

The evidence in the instant case nowhere shows any impairment of the health of the respondent as a result of the conduct of the petitioner toward him. Undoubtedly the petitioner's statement to her husband and to others outside the family circle, reflecting on the paternity of her unborn child as well as her admissions of intimacy with another man, would be calculated to cause mental anguish to the husband, but there is no evidence that such mental anguish caused any impairment of his health or would inevitably cause such an impairment. Therefore, the conduct of the petitioner as testified to by the re-

spondent and his witnesses, even if taken to be true, does not amount to extreme cruelty.

The trial justice found that the petitioner's conduct did not amount to gross misbehavior, but did find that it amounted to extreme cruelty. In making the finding of extreme cruelty, we think that he was clearly in error. His finding on the allegation of gross misbehavior is not before us for review on the present bill of exceptions. It is evident from the language employed by him in announcing his decision that he felt that the mental anguish caused to the husband by the wife amounted to extreme cruelty. Referring to the testimony concerning the petitioner's conduct with another man, the trial justice said: "I am rather inclined to think that the circumstances show at least undue intimacy—I am not saying anything improper or illegal or immoral, but an undue intimacy between herself and this Cody, and I think that such actions when brought to the attention of the husband would constitute extreme cruelty." Under the decisions of this court, this is clearly an erroneous conclusion. Extreme cruelty, as pointed out above, can, under such circumstances, be made out only by additional evidence of the impairment of the health of the injured party naturally resulting from such conduct by the other party, or of evidence strongly tending to show that such impairment of health would inevitably result from such conduct.

The exception of the petitioner, so far as it relates to the denial of her petition for divorce, is overruled, and so far as it relates to the granting of the motion of the respondent in the nature of a cross-petition, said exception is sustained.

The case is remitted to the Superior Court with direction to dismiss the petition and the motion in the nature of a cross-petition.

*Francis A. Manzi,* for petitioner.

*Sisson & Fletcher, Fred Brosco,* for respondent.