HACHADOOR S. EMIRZIAN *vs.* ARAXIE EMIRZIAN.

JUNE 10, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This petition for divorce is here on petitioner's exception to the decision of the justice of the superior court denying the petition, for failure to prove extreme cruelty, which was the sole ground alleged therein.

The petitioner contended here that the trial justice "misinterpreted the law based upon the proven facts as shown by the testimony in the case." He also contended that the trial justice erred in deciding that the evidence was not sufficient to prove extreme cruelty; and also that his decision was inconsistent with his findings of fact of respondent's "nagging, scolding, and hollering", and her throwing a table knife, fork and spoon at the petitioner.

The trial justice wrote a carefully prepared rescript, in which he analyzed the evidence, made certain specific findings of fact, and discussed the law applicable to the evidence which was offered as proof of extreme cruelty. Since some of these findings are strongly relied on by the petitioner to support his several contentions, particularly his contention that the decision of the trial justice is inconsistent with

the proven facts, we should observe here that the trial justice, in addition to making the findings relied on by the petitioner, also made further findings in extenuation of the conduct of the respondent. Hence, if all of his findings are considered together, as he has consecutively stated them in his rescript, it does not appear to us that there is any inconsistency between the proven facts as he has found them and the law which he has applied to them.

In support of his contention that the trial justice misinterpreted the law applicable to the proven facts, petitioner argued that the trial justice was moved by sympathy and a desire to see the parties reconciled rather than by the law and the evidence. In this connection, he cited *Sayles* v. *Sayles;* 99 A. 822, 823, (R. I.). He relied upon the following quotation from the opinion in that case: "The questions presented to the court in a suit for divorce are questions of law under our statute, and they must be determined by the evidence when the time arrives for such determination. To go beyond this would be to exercise a paternal care which would not be justifiable in a court of law, charged with the construction and application of a specific statute."

We see no reason to differ with the law as thus stated. The problem here is, does the evidence call for its application to the trial justice's decision. In the cited case, this court expressly found, from certain expressions of the trial justice in the transcript, that his denial of the petition before him was clearly motivated by two considerations, a desire to bring about a reconciliation of the parties and concern for the welfare of their two minor children, who would be disadvantageously affected by the granting of a divorce. Apparently he was moved by these considerations in disregard of the evidence and, for this reason, it was held error.

There is nothing like that in the instant case. Here the trial justice, after a careful review of the evidence, has made specific findings of fact and has concluded that the ground of extreme cruelty has not been proved either by the evidence of physical violence or by the evidence of respondent's con-

duct toward petitioner which was alleged to amount to mental cruelty. He expressly stated in his rescript that he reached this conclusion because the evidence of physical violence was too remote and because he was not convinced by the evidence of mental cruelty that the respondent acted in the manner she did in order to cause any impairment of petitioner's health, but rather that she had done so solely "to assert herself as a mother and a wife", and "to better what she believed to be her lot; not to injure her husband."

The trial justice also stated that in considering the evidence before him he was applying the law as laid down by this court in *Salvatore* v. *Salvatore,* 61 R. I. 109. We are of the opinion that he was correct in doing so and that he did not commit the error complained of in *Sayles* v. *Sayles, supra.* The only question is whether or not he erred in deciding that the evidence failed to prove that the respondent was guilty of a deliberate course of conduct cruelly calculated by her to cause the petitioner distress and to impair his health. Petitioner strongly contended here that the trial justice erred in his decision, especially in view of his findings of fact relating to certain conduct of the respondent toward the petitioner.

In the consideration of this contention we start with the well-established rule that the trial justice's decision will not be disturbed on this ground, unless it is clearly wrong. We also bear in mind that the trial justice has had the advantage over us of seeing the parties and their witnesses and hearing them testify. In the instant case that advantage is a very considerable one. The opportunity to observe these parties on the witness stand and note their demeanor while testifying must have been of no small help to the trial justice in deciding whether the conduct of the respondent was of the cruel and calculating character which petitioner claimed it was, or whether it sprang from other causes, innocent in themselves, although perhaps productive of considerable annoyance to the petitioner.

58

From our examination of the transcript, we are of the opinion that the trial justice did not err. As we have said above, his decision is not inconsistent with his findings of fact. It appears to be based on a reasonable consideration of all the evidence and is one which, in any event, we cannot say is clearly wrong. The most that the evidence shows, if it shows even this, is that this man and wife had reached, during a period of a few months next before the filing of this petition, a stage of incompatibility which made it very difficult, if not impossible, for each to exercise toward the other that degree of forbearance which is so necessary to the maintenance of, at least, a measure of domestic concord. This failure on their part to forbear seems to have been aggravated, if not created, by a daughter who, having reached her majority, has become, to put it mildly, restive under the watchful care of a fond mother. Her contribution to the domestic discord of her parents has not been inconsiderable. On the contrary, it appears from the evidence to have been very substantial. If she is allowed to go her separate way, perhaps the parents will be better able to bear with each other's ills and irritabilities. But whatever may be the cause of the parties' present troubles, we cannot say that the trial justice erred in denying this petition because of insufficient evidence to prove extreme cruelty.

Petitioner's exception is overruled, and the case is remitted to the superior court.

*Frank H. Wildes, Sarkis K. Boyajian,* for petitioner.
*Arthur L. Conaty,* for respondent.