VIRGINIA E. KRAWCYZK *vs.* JOHN G. KRAWCYZK.

FEBRUARY 19, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

336

O'CONNELL, J.   This petition for divorce was brought by the petitioner on the grounds of extreme cruelty and neglect to provide.   The respondent filed a cross-petition and relied on allegations of extreme cruelty and desertion. After hearing in the superior court a justice thereof denied both petitions.   No exception was prosecuted by petitioner who was not represented in this court, as her counsel had withdrawn, and the case is before us solely on respondent's exception to the decision denying and dismissing his cross-petition.

The respondent contends first that he did not have a fair hearing in the superior court, because the trial justice interrupted and harassed the witnesses to such an extent that normal and orderly procedure was made impossible; that he exhibited such bias and prejudice that his decision is not entitled to the usual weight to be attached thereto; and that, on the uncontradicted testimony of respondent's witnesses, his cross-petition should have been granted on the grounds of extreme cruelty and desertion.

We have carefully read the transcript of testimony and while it appears that the trial justice did question several

of the witnesses at length for his own information, it nowhere appears that he limited their examination by respondent's counsel; nor did he prevent counsel from making as extensive an examination of the witnesses as he desired. In our opinion the transcript fails to show the existence of any such bias, prejudice, or harassing of witnesses on the part of the trial justice as respondent contends.

On the issue of extreme cruelty, the testimony was practically limited to one instance where petitioner slapped respondent's face and to the claims that "She dealt a great deal in profanity especially in public"; that her refusal to entertain lost him all his friends; and that as a result of her aloofness he became moody, was mentally depressed and lost greatly in weight. No medical testimony was presented to support the latter claim.

The trial justice after referring to respondent as a "rugged fellow," stated with respect to the claim of extreme cruelty: "that where you can't show physical violence you have to show a course of conduct, deliberately engaged in, cruelly intended to do injury. Here there is nothing to show there was any intention to hurt the husband and it is not of such long duration as to lead me to believe that it had the result complained of."

In our opinion the above statement of the law is substantially in accord with the decision of this court in *Bastien v. Bastien,* 57 R. I. 176, which holds that although physical acts of violence are not of themselves indispensable to support a charge of extreme cruelty, their absence must be supplied by evidence of a deliberate course of conduct cruelly calculated to cause, and which did in fact cause, impairment of health of the injured party. It is clear therefore that in appraising respondent's evidence in support of his allegation of extreme cruelty the trial justice applied the correct rule of law.

We see no error in the decision of the trial justice denying and dismissing respondent's cross-petition upon the alleged

ground of desertion. General laws 1938, chapter 416, §2, provides, among other grounds, that a divorce may be granted for "wilful desertion for 5 years of either of the parties, or for such desertion for a shorter period of time in the discretion of the court * * *." Here assuming that the wife left her husband, it was at most for only a few weeks. The respondent testified that his wife left him about the second week of August 1951. Her petition was filed in the superior court on August 17, 1951, and his cross-petition alleging desertion was filed August 28, 1951. In any event the filing by the husband of such cross-petition for divorce was an overt act constituting consent that the wife live separate and apart from him, and where the parties by consent were living separate and apart during the time that the petition for divorce was pending, there could be no willful desertion. *Burns* v. *Burns,* 50 R. I. 129. This ground of objection to the decision is therefore untenable.

Finally, it is well settled in this state that the findings of the trial justice in a divorce action are entitled to great weight and should not be set aside unless they are clearly erroneous or fail to do justice between the parties. *Bastien* v. *Bastien, supra; Reilly* v. *Reilly,* 57 R. I. 432; *Kahnovsky* v. *Kahnovsky,* 67 R. I. 63. From a careful reading of the transcript, we cannot say that the decision of the trial justice was clearly wrong or that it failed to do justice between the parties. Hence we cannot disturb it.

The respondent's exception is overruled, and the case remitted to the superior court.

*Z. J. Czubak,* for respondent.