JOHANNA P. BOGER *vs.* EDWIN A. BOGER.

MARCH 6, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

CONDON, C. J. This is a petition for divorce on the ground of extreme cruelty. The case is here on the petitioner's bill of exceptions to the decision of the superior court denying

and dismissing the petition. The exceptions are substantially to the effect that the decision is against the law, the evidence, the law and the evidence and the weight thereof.

After a lengthy trial the trial justice reviewed the evidence in considerable detail and commented on certain characteristics of each party. From his analysis of both parties and their testimony he concluded in effect that the parties were incompatible and that such incompatibility led them to the several altercations and physical encounters which constitute petitioner's sole evidence of extreme cruelty. As to those encounters, he expressed the opinion that there was no clear and convincing evidence which established that in any instance they resulted in physical acts of the requisite force and violence to amount to extreme cruelty. He also carefully considered the evidence with reference to the further claim of petitioner that respondent's course of conduct toward her was intended to and did impair her health, and he concluded that such evidence was too meager to support such claim.

In weighing the evidence as to what we may briefly term physical and mental cruelty, he relied upon the law as this court has declared it in an unbroken line of cases beginning with *Grant* v. *Grant,* 44 R. I. 169, and *Borda* v. *Borda,* 44 R. I. 337, and continuing down through *Bastien* v. *Bastien,* 57 R. I. 176, *Salvatore* v. *Salvatore,* 61 R. I. 109, and *Emirzian* v. *Emirzian,* 67 R. I. 55. The trial justice recognized that there could be extreme cruelty justifying a decree of divorce without evidence of physical violence and he correctly appreciated the quantum and quality of the evidence which was necessary to prove extreme cruelty in the absence of such physical acts.

The next question is whether he was clearly wrong in his findings of fact from the evidence before him. We shall not relate here the evidence upon which petitioner relies for proof of her charge of extreme cruelty. Suffice it to say that we have carefully considered and weighed it and have

come to the conclusion that we cannot say the trial justice was clearly wrong in his evaluation of such evidence. As we have so often said, in a divorce proceeding where the trial justice has the opportunity of observing the parties as they testify he has a distinct advantage over this court in passing upon their credibility and evaluating their testimony. For this reason his findings of fact carry great weight with this court and will not be disturbed by us unless they are clearly wrong. *Castelli* v. *Castelli*, 82 R. I. 232.

In the instant case we are of the opinion that he carefully weighed the evidence and did not misconceive or overlook any of it that was of importance to the correct determination of the main issue in the case. We are also satisfied that he did not err in his application of the appropriate law to the facts found.

The petitioner's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Jacob J. Alprin,* for petitioner.

*Coffey, Ward, Hoban & McGovern, Matthew E. Ward,* for respondent.