JACQUELINE VIEIRA *vs.* JOSEPH VIEIRA.

NOVEMBER 13, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This divorce proceeding was before the family court on the petition of the husband to amend the decision therein by awarding to him, in the place of the wife, the custody of the minor children of the parties. After a hearing a decree was entered granting the petition as to the two older children, aged seven years and five years respectively, and the wife has prosecuted her appeal therefrom to this court.

The question is whether a change of custody was in the best interests of the children.

At the outset we consider whether August 3 or August 17, 1962 was the date of entry of the original decision awarding custody of the children to the wife. This question is significant because of the wife's contention that the conditions or reasons which will justify a change of custody

must in point of time occur subsequent to the date of the decree or decision to be modified. In this cause, she points out, the matters relied upon as warranting a change in custody occurred subsequent to August 3 and prior to August 17.

The difficulty arises because of the conflicting entries in the record, viz., (1) immediately below the signature of the trial justice on the decision and apparently in his handwriting appears the date "8/3/62"; (2) the backing to which the decision is stapled bears a stamp imprint "Received Aug 17 1962 Family Court Joseph S. Wholey, Clerk"; (3) the jacket entry is "1962 Aug 3, Doris J. Interlocutory decree [decision] entered."

By statute, G. L. 1956, §8-10-28, a clerk is required to attend the sittings of the family court and to make fair entries and records of all of its proceedings, judgments, orders, and decrees. By long standing practice in this state clerks record actions of the court by making jacket entries. See *Ambrosino* v. *Casey,* 92 R. I. 114, 117. Such entries are official court records which import verity until corrected by the court making them. They are conclusive evidence of the actions therein recited. *New York, N. H. & H. R. R.* v. *Superior Court,* 83 R. I. 292; *Colagiovanni* v. *District Court,* 47 R. I. 323.

If the wife deemed the entry date of the decision to be critical, application should have been made to the family court to correct the jacket entry. Application cannot be made initially in this court. We hold that the jacket entry controls and that for purposes of this petition the date of entry of the decision was August 3, 1962.

We come now to the question of whether the custody should have been changed. It is unnecessary to set out the facts in detail. In addition to providing for the custody of the three children, the decision entered on August 3 granted the husband's cross-petition for a divorce from bed and board on the ground that the wife's association

with one Jerome Noble and others constituted gross misbehavior.

On August 9, only six days following the entry of that decision, the wife took the children to New Hampshire. During her stay in that state which continued until August 11, she and the children lodged at an overnight cabin where their accommodations consisted of one large room, a bath and a porch. Although it is undisputed that Noble was with them during some portion of their stay, the evidence is in conflict as to when he arrived and how long he remained. There is testimony from a disinterested witness, however, that they all arrived on August 9 in one automobile, that Noble and the wife registered as "Mr. & Mrs.," that they were together in the cabin that evening, that the automobile was parked at the cabin at least as late as 11 p.m., and that Noble came out of the cabin the following morning.

The decisive consideration in matters of this kind is whether the moving party has established by a fair preponderance of the evidence that because of altered conditions or other good reasons a change of custody is necessary in the interests of the children's welfare. *Loebenberg* v. *Loebenberg,* 85 R. I. 115; *Kelley* v. *Kelley,* 77 R. I. 229; *Budlong* v. *Budlong,* 51 R. I. 113.

When he granted the petition it is clear that the trial justice recognized and applied these standards. He noted the absence of any direct testimony as to whether Noble spent the entire night at the cabin, but from the evidence and the inferences reasonably to be drawn therefrom concluded that he had. In addition, he apparently relied on, although he did not discuss, the evidence that the husband could provide a good home for the children. In rendering his decision he made the following statement:

> "Suffice to say to this decision that on the petition of the husband for a modification of the decree which was entered in this Court awarding custody of these

minor children to Mrs. Vieira, the Court is satisfied that because of her actions that she's not a fit and proper person to have custody of these children. The Court is satisfied and finds as a fact that the best interest of these children would be served by transfering the custody to the father."

If the events of the night of August 9 were as found by the trial justice, it cannot seriously be questioned that the best interests of these children could no longer be served by continuing their custody in their mother. The harmful effect of her conduct on children of tender years and at impressionable ages cannot be doubted. The correct rule of law having been applied, the decision of the trial justice must stand unless the findings of fact upon which it was predicated were clearly wrong. *Loebenberg* v. *Loebenberg, supra.* On this issue the wife points to no evidence on a material issue which the trial justice either overlooked or misconceived and she has therefore failed to meet the burden imposed on her. *Parrillo* v. *Riccitelli,* 84 R. I. 276; *Reynolds* v. *Reynolds,* 79 R. I. 163, 167.

The appeal of the wife is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*Eugene F. Toro,* for petitioner Joseph Vieira.

*William R. Goldberg, Ronald R. Gagnon,* for respondent Jacqueline Vieira.