333 A.2d 138.

JACQUIN J. WOLF *vs.* JOSEPH F. WOLF.

MARCH 13, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is a wife's petition for divorce. The parties were married in 1949. There were six children born of the marriage. The wife filed this petition for divorce in 1970 on the ground of extreme cruelty.[1] The trial justice granted the husband's motion to dismiss on the ground that the wife had failed to prove her case. This case is before us on her appeal.

The wife argues that the trial justice misconceived the evidence and misapplied the law in the case. In reviewing the decision of the justice below, where he is passing on a motion to dismiss, we merely determine whether his findings are supported by the evidence or whether in making such findings he misconceived or overlooked material evidence. His findings are entitled to great weight and will not be set aside unless they are clearly erroneous or fail to do justice between the parties. *Krawcyzk* v. *Krawcyzk,* 81 R. I. 335, 102 A.2d 870 (1954). It is also our duty to determine whether, having made supportable findings, he applied the correct rule of law. *Compare Levy* v. *Industrial Nat'l Bank of Rhode Island,* 106 R. I. 437, 260 A.2d 919 (1970) *with Rowell* v. *Kaplan,* 103 R. I. 60, 235 A.2d 91 (1967).

The wife first argues that the trial justice erred in treating her petition as one for a divorce on the ground of impotency rather than of extreme cruelty. This contention is not supported by the record. In his decision the trial justice specifically stated that he viewed the petition as one based on the ground of extreme cruelty.

---

[1]The wife also alleged a second ground, namely, gross misbehavior and wickedness repugnant to and in violation of the marriage covenants, but specifically waived this ground in her answer to the Bill of Particulars.

In reviewing the trial justice's findings, we believe that they are supported by the evidence. The trial justice noted that while the husband became extremely exasperated or annoyed and belittled his wife, her resulting physical suffering was a matter of subjective feelings. He noted that any alleged impotency in and of itself would not amount to extreme cruelty. He found that the husband made every reasonable effort within his control to seek help for his problem. The trial justice noted that the evidence indicated that the husband talked with a priest, and went to a marriage counselor. He consulted with a psychiatrist for up to 6 months. He went to a doctor who referred him to a specialist. The real question, as the trial justice saw it, was whether there was a course of conduct willfully entered into by the husband that caused his wife to suffer physical harm. Relying on *Borda* v. *Borda,* 44 R. I. 337, 117 A. 362 (1922), the trial justice concluded that there was no evidence of willfulness or a course of conduct deliberately entered into and designed to humiliate the wife. Since the wife failed to prove her case by clear and convincing evidence, he granted the motion to dismiss.

The wife argues that the trial justice misapplied the law by using too narrow an interpretation of "willfulness" or course of conduct "deliberately entered into and designed to cause physical cruelty." In our opinion the trial justice applied the correct rule in accordance with the line of cases interpreting this language.

In *Grant* v. *Grant,* 44 R. I. 169, 116 A. 481 (1922), a divorce was granted on the ground of extreme cruelty because the court found that the respondent husband "* * * wilfully and designedly pursued a course of conduct * * * calculated to * * * distress and humiliate his wife * * *." This intent to "distress and humiliate" has been the definition most often used by the court as the necessary intent

element of extreme cruelty. *Borda* v. *Borda, supra; McKeon* v. *McKeon,* 54 R. I. 163, 170 A. 922 (1934).

The court took a sharp turn in *Bastien* v. *Bastien,* 57 R. I. 176, 178, 189 A. 37, 38 (1937), when it defined the necessary conduct as "conduct cruelly calculated to cause * * * impairment of health."

*Bastien* cites *Borda* as authority for the definition of intent, but *Borda* requires intent to humiliate, not intent to impair health. This misquoting caused confusion in the cases which followed.

The case of *Ennis* v. *Ennis,* 83 R. I. 64, 113 A.2d 133 (1955), reiterated the *Borda* standard. Following *Ennis,* the court reverted to the *Bastien* test in *Miller* v. *Miller,* 87 R. I. 145, 139 A.2d 86 (1958). Thus in our cases there appear to be two different tests, the *Borda* test and the *Bastien* test, to ascertain conduct equaling extreme cruelty.

The two rules are not necessarily irreconcilable. Because the granting of a petition for divorce also requires evidence of actual impairment of health, it is understandable how the *Borda-Bastien* dichotomy arose. In the cases which used the *Bastien* test, that is *Miller* v. *Miller* and *Krawcyzk* v. *Krawcyzk,* both *supra,* there was no evidence of actual physical impairment which was accepted as proven by the trial judge. On the other hand, the court used the *Borda* standard in that line of cases in which physical harm was proven. Thus the composite rule in this jurisdiction is that the course of conduct be deliberately cruel and result in impairment of health.

Various types of conduct have been considered sufficient to equal deliberate cruel conduct; using profanity, hollering at wife, and refusing to bathe and change work clothes for the admitted purpose of upsetting the spouse, *Grant* v. *Grant, supra;* casting aspersions upon the moral integrity of spouse's child and relatives in public, *Borda* v. *Borda, supra;* making public statements about the paternity of an

unborn child, *Bastien* v. *Bastien, supra;* husband forcing wife to work against her will and to turn all her pay over to him, *Ennis* v. *Ennis, supra.*

In all these cases, however, there was a showing that the spouse knew the voluntary conduct embarked upon was deliberately cruel to the partner, but nonetheless continued such conduct. In the case at bar the trial justice found that there was no such showing here of deliberately perpetrated conduct to offend the respondent's wife. We will not upset this finding since we cannot say the trial justice was clearly wrong in his evaluation of such evidence. As we have so often said in a divorce proceeding where the trial justice has the opportunity of observing the parties as they testify, he has a distinct advantage over this court in passing upon their credibility and evaluating their testimony. For this reason his findings of fact carry great weight with this court and will not be disturbed by us unless they are clearly wrong. *Boger* v. *Boger,* 87 R. I. 172, 139 A.2d 147 (1958); *Castelli* v. *Castelli,* 82 R. I. 232, 107 A.2d 284 (1954).

The petitioner's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Mr. Chief Justice Roberts did not participate.

*Joseph E. Marran, Jr.,* for petitioner-appellant.

*Roberts & Willey, Incorporated, David W. Carroll,* for respondent-appellee.