408 A.2d 606.

In re Denise and Kevin.

NOVEMBER 30, 1979.

Present: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

Bevilacqua, C.J.   This is an appeal brought by Shirley Zolnierz, the mother of Kevin and Denise Rich, from a decree of the Family Court awarding custody of Kevin and Denise to Child Welfare Services Division of the Department of Social and Rehabilitative Services (CWS).

This case arises out of a petition filed by CWS in Family Court on November 12, 1969, asking that Denise and Kevin be adjudged "dependent" children within the meaning of G.L. 1956 (1969 Reenactment) §14-1-3(H),[1] as amended by P.L. 1969, ch. 252, §1 and placed in the custody of CWS.

---

[1]General Laws 1956 (1969 Reenactment) §14-1-3(H), as amended by P.L. 1969, ch. 252, §1 provides in pertinent part:

"The terms 'dependent' and/or 'neglected' when applied to a child shall mean and include any child—

Who is homeless or destitute or abandoned or dependent upon the public for support * * * or whose home, by reason of neglect, cruelty, drunkenness or depravity on the part of the parent or parents having custody or control of such child is an unfit place for such child * * *."

After a hearing the court granted the petitions and awarded legal custody of Denise and Kevin to CWS on December 18, 1969. Since that time, however, the mother and CWS have engaged in protracted litigation in the Family Court regarding the custody and placement of Denise and Kevin.

On the basis of a capias issued by the Family Court, the mother came before the Family Court, and when the mother refused to return the children to CWS, the agency filed a petition requesting the court to order the return of the children and also to place the children with an out-of-state facility. Before the hearing the mother filed her own petition seeking review of the prior court order as to care, custody and control. Pending the hearing the court ordered the children to undergo evaluations at the Juvenile Diagnostic Center.

On the basis of the reports submitted by the Juvenile Diagnostic Center, by Dr. Sadovnikoff, a Child Welfare Services Social case worker, and by the Childrens' Friend & Service, as well as the testimony and demeanor of the mother at the hearings, the trial justice found that although the mother of Denise and Kevin had a "deep and abiding love" for her children, she was "not capable emotionally or mentally to care for the children at the present time." He then ordered that they remain in the custody of CWS and that placement outside the state of Rhode Island was in the best interest of the children.

The petitioner argues that the trial justice erred in holding that she was still incapable of caring for her children and that the decree awarding continued custody and control of them to CWS was insufficiently supported by the evidence. We disagree. Initially, we note that the Family Court is one of statutory creation and possesses only those powers conferred upon it by statute. *Castellucci v. Castellucci*, 116 R.I. 101, 105, 352 A.2d 640, 643 (1976). General Laws 1956 (1969 Reenactment) §14-1-34, as amended by P.L. 1978, ch. 77, §1 grants power to the Family Court to award custody of children found to be dependent within the meaning of the

statute to an appropriate agency and also to modify or revoke such orders "at any time, for good cause shown."

It is well-settled doctrine that the court should not change or modify a previous order of care, custody and control of minor children absent a showing that there has been some alteration or change in the circumstances that existed at the time of the original order. *King* v. *King,* 114 R.I. 329, 331, 333 A.2d 135, 137 (1976). Where such modification is sought, it is incumbent upon the moving party to establish by a fair preponderance of the evidence that because of altered conditions or other good reasons a change is necessary in the interest of the children's welfare. *Vieira* v. *Vieira,* 98 R.I. 454, 457, 204 A.2d 431, 433 (1964); *see King* v. *King, supra.*

Though it is true, as the plaintiff contends here, that in custody cases, the rights of natural parents are an important consideration, we follow the long-established rule that in awarding custody the court's overriding concern should be the best interest and welfare of the children. *Engelhardt* v. *Bergeron,* 113 R.I. 50, 57, 317 A.2d 877, 882 (1974); *Zinni* v. *Zinni,* 103 R.I. 417, 420, 238 A.2d 373, 375 (1968).

In reviewing the decree of a trial justice sitting without a jury to determine whether his findings are supported by the evidence, we are aware that these findings are entitled to great weight and should not be disturbed on appeal unless it can be shown that they are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Matracia* v. *Matracia, Sr.,* 119 R.I. 431, 436, 378 A.2d 1388, 1390 (1977); *Raheb* v. *Lemenski,* 115 R.I. 576, 579, 350 A.2d 397, 399 (1976). In such a case we need only determine whether, having made supportable findings, he applied the correct rule of law. *Wolf* v. *Wolf,* 114 R.I. 375, 376, 333 A.2d 138, 140 (1975).

We have carefully reviewed the record and find that it contains substantial evidence to support the findings of the trial justice, particularly his conclusion that the best interests of the children militate against their return to the care,

custody and control of the mother. Despite the contentions of the mother, the record is barren of any evidence to indicate that there have been any changes in the circumstances and conditions of the parties such as would warrant a conclusion that the well being and welfare of the children can best be provided for by the mother. The plaintiff has therefore failed to meet the burden of proof necessary to sustain a change of custody.

The appeal is denied and dismissed and the decree appealed from is affirmed.

*Shirley Rich Zolnierz,* pro se, appellant.

*Raymond E. Shawcross,* Chief Legal Counsel, Department of Social and Rehabilitative Services, for appellee.