## AVICE BORDA *vs.* WENCESLAO BORDA.

### APRIL 11, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Divorce. Venue. Petition by Non-Resident.*

Under Gen. Laws, 1909, cap. 247, § 11, providing that petitions for divorce shall be filed, heard and tried in Providence county unless the petitioner shall reside in the county of Newport, Washington or Kent, in which case the petition shall be filed in the county where the petitioner resides, a petition for divorce by a *non-resident* against his wife, a domiciled inhabitant of this State, a resident of the county of Washington, is properly filed in the county of Providence.

(2) *Divorce. Cross Petition. Relief.*

When a petition for divorce is filed in Providence county by a non-resident against his wife, a domiciled inhabitant of Washington county, the wife may file a cross petition (or a statement in her answer or motion in the nature of a cross petition) for divorce on wholly different grounds.

(3) *Divorce. Cross Petition. Discontinuance.*

When a petition for divorce is filed in Providence county by a non-resident against his wife, a domiciled inhabitant of Washington county and the wife has filed a cross petition (or a statement in her answer or motion in the nature of a cross petition) for divorce on wholly different grounds, the wife can maintain her cross petition and the court will not permit the original petition to be discontinued if it should appear her rights would be impaired, but even if permitted it would not dispose of her cross bill but it would remain for disposition in the same manner as if it had been filed as an original bill, and this although petitioner had not been served with process other than the filing of the cross petition.

(4) *Divorce. Venue.*

When a petition for divorce has been filed in Providence county by a non-resident against his wife a domiciled inhabitant of Washington county, the wife may file an independent petition for divorce in Washington county, based on different grounds, provided she has not elected to file a cross petition praying for an absolute divorce in the proceedings in Providence county.

(5) *Divorce. Venue.*

When a petition for divorce has been filed in Providence county by a non-resident against his wife a domiciled inhabitant of Washington county, and the latter has filed a cross petition (or answer or motion containing a statement in the nature of a cross petition) for divorce on wholly different grounds, she cannot later file an independent petition in Washington county based upon the same grounds as her cross petition, before being permitted by the court to discontinue her cross petition in Providence county.

DIVORCE.  Certified under Gen. Laws, 1909, ·cap. 289, § 36, on questions of doubt and importance.

SWEENEY, J.  This cause is before the court upon questions of doubt and importance, certified by the Superior Court, under authority of Section 36, Chapter 289, General Laws, 1909, arising upon the following facts.  January 2, 1920, Wenceslao Borda, a resident of the State of New York filed in the Superior Court for the county of Providence, his petition for absolute divorce from his wife, Avice Borda, a resident of the town of Narragansett in the county of Washington.  Answering this petition, the said Avice Borda filed a motion for an absolute divorce from him.  Thereafter said Avice Borda filed an original petition for absolute divorce from said Wenceslao Borda in the Superior Court for Washington county, and due personal service of said petition was made upon him at Porta Rico.  He duly entered appearance, and filed a motion to dismiss said petition upon the ground that his petition for absolute divorce was pending in said Providence county, with said motion for an absolute divorce from him.  Upon hearing this motion, a question of law arose, which is made the basis of four questions certified to this court.  The first question is, "Can a petition for divorce by a non-resident of Rhode Island against his wife, a domiciled inhabitant of this state who has resided in the county of Washington for the period of of two years next before the preference of the petition, be filed in the Superior Court for the county of Providence?"

(1)  Section 10, Chapter 247, General Laws, 1909, requires the petitioner for divorce to be a domiciled inhabitant of this state and a resident therein for the period of two years next before preferring the petition, but provides that if the defendant shall have been such a domiciled inhabitant and resident, and shall be actually served with process, the requirements as to domicile and residence on the part of the petitioner shall be deemed to have been satisfied and fulfilled.  Section 11 of said chapter requires that all such

petitions shall be filed, heard, and tried in Providence, unless the petitioner shall reside in the county of Newport, Washington, or Kent, in which case, the petition shall be filed in the county where the petitioner resides. Section 11 is clear and explicit, and leaves no room for doubt or construction as to its meaning, and the petition for divorce of the non-resident, Wenceslao Borda, was lawfully filed in the Superior Court in the county of Providence.

The second question is, "When a petition for divorce is filed in Providence county by a non-resident of Rhode Island against his wife, a domiciled inhabitant of this state who has resided in Washington county for a period of two years next before the preference of the petition; (a) can the latter file a cross petition, (or a statement in her answer or motion in the nature of a cross petition), for divorce on wholly different grounds; and (b) will she be entitled to maintain her cross petition in case the original petitioner withdraws his petition, the original petitioner not having been served with any process of the court other than the filing in court of the cross petition and knowledge of his attorneys that the same had been filed?" The law applying to this question is: (a) Section 13 of said Chapter 289 provides that the respondent in divorce proceedings may avail himself of any matter open to him upon a cross bill or petition, by motion in writing, setting forth the grounds thereof, and the court, upon hearing the cause, may make any decree for or against either party, warranted by the merits of the cause. Section 14 of said chapter provides that, "The court, on motion as above, may grant affirmative relief to such a respondent in any petition for divorce." (b) Section 27, Chapter 283, General Laws, 1909, provides, among other things, that the plaintiff in any proceeding, in equity may file a written notice of discontinuance; and if the proceeding shall have been answered, a copy of such notice shall be served upon the defendant and the court shall enter such discontinuance, unless it shall appear that the rights of some other party thereto, or interested therein, will be impaired by such discontinuance.

Under this law the court would not permit the petition for divorce to be discontinued, after the respondent had filed her motion for an absolute divorce, if it should appear that her rights would be impaired by such discontinuance, as petitions for divorce follow the course of equity so far as the same is applicable thereto; Section 1, Chapter 289. Assuming that the respondent filed a motion setting forth grounds sufficient for absolute divorce, and if warranted by the merits of her cause, entitled to affirmative relief, the discontinuance of the original petition, even if permitted by the court, would not dispose of her motion in the nature of a cross bill, but it would remain for disposition in the same manner as if it had been filed as an original bill. *Wetmore* v. *Fiske,* 15 R. I. 354. Section 9 of said Chapter 247 requires every petition for divorce to be signed and sworn to by the petitioner, if of sound mind and of legal age. The petitioner, having come into court voluntarily, is presumed to know the pleadings in his cause, and he would be precluded from questioning the jurisdiction of the court to grant affirmative relief, upon respondent's motion for an absolute divorce. The court, having jurisdiction of the parties and the subject matter may grant a decree for absolute divorce for or against either party, as warranted by the pleadings and the merits of the cause. See *Valk* v. *Valk,* 18 R. I. 639; *Crow* v. *Crow,* 41 R. I. 258. The court is of the opinion that both queries contained in this question must be answered in the affirmative.

The third question is, "When a petition for divorce has been filed in Providence county by a non-resident of Rhode Island against his wife, a domiciled inhabitant of this state who has resided in Washington county for a period of two years next before the preference of the petition, can the latter, while the said petition is on file in Providence county, file an independent petition for divorce in Washington county based upon wholly different grounds?"

Answering this question, the court is of opinion that the respondent, as a domiciled resident of Washington county,

may file an original petition for divorce in said county upon any statutory ground, provided she has not previously elected to avail herself of her right to file a motion in the nature of a cross petition praying for an absolute divorce in the divorce proceedings brought against her in Providence county.

The fourth question is, "When a petition for divorce has been filed in Providence county by a non-resident of Rhode Island against his wife, a domiciled inhabitant of this state who has resided in Washington county for a period of two years next before the preference of the petition, and the latter has filed a cross petition, (or answer or motion containing a statement in the nature of a cross petition), for divorce on wholly different grounds, and she later files an independent petition in Washington county based upon the same grounds as her cross petition in Providence county, can she maintain either her cross petition in Providence county or her original petition in Washington county as she may elect? And will a divorce granted upon either one be equally valid?"

Answering this question, the court is of the opinion that when the respondent elected to proceed in Providence county by filing her motion in the nature of a cross petition praying for an absolute divorce she could not thereafterwards file an original petition for divorce in Washington county, before being permitted by the court to discontinue her said motion pending in Providence county.

The papers in the cause are ordered sent back to the Superior Court for further proceedings in accordance with this opinion.

*Tillinghast & Collins*, for complainant.

*Knauer, Hurley & Fowler*, for respondent.