## JOSIAH H. HARVEY *vs.* MINNIE HARVEY.

### JANUARY 11, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Divorce. Exceptions. Appeal. Alimony.*

Appeal is the appropriate method for bringing a decree modifying a previous decree awarding alimony and vacating an order for execution covering amount in arrears, before the supreme court for review.

(2) *Divorce. Alimony. Allowance for Support.*

An allowance for support during the pendency of a petition for divorce is not restricted, limited or in any way dependent upon the outcome of the suit.

(3) *Divorce. Allowance for Support.*

It was error for the court in modifying a decree for an allowance for support pending the determination of a petition for divorce to make its action retroactive, and to set aside an execution covering an unpaid balance in arrear under the previous decree.

PETITION FOR DIVORCE. Heard on exception and appeal of respondent. Appeal sustained; exception overruled.

VINCENT, J.   This is a petition for divorce and comes before this court upon the exception, and the appeal of the respondent.

On January 25, 1921 the petitioner, Josiah H. Harvey, filed his petition for divorce in the Superior Court in which petition he alleged that the respondent had been guilty of extreme cruelty, and of gross misbehavior and wickedness repugnant to, and in violation of, the marriage covenant.

On March 9, 1921 the respondent filed a motion for an allowance for the maintenance of herself and her minor child, Ruth B. Harvey, during the pendency of the petition and for counsel, witness fees, etc.   After a hearing upon said motion a decree was entered by which the said petitioner, Josiah H. Harvey, was ordered to pay to the said respondent the sum of $38 per week commencing May 7, 1921, and each and every week thereafter until further order of the court.

On March 30, 1921, Minnie Harvey, the respondent, filed a cross-petition praying for a decree divorcing her from the bed and board of, and from further cohabitation with, her husband, Josiah H. Harvey.

From April 30 to May 3, 1923, a hearing was had upon these petitions and on May 5th, 1923 the Superior Court filed its decision granting a divorce to the petitioner, Josiah H. Harvey, and denying the cross-petition of the respondent.

On May 9, 1923, the respondent filed her motion for a new trial, which, on June 23, 1923, was heard and denied, and. to such denial she took an exception.   On April 12, 1923 the petitioner filed a motion asking that the decree of May 2, 1921, allowing the respondent $38 per week for the maintenance of herself and daughter be modified.   Upon this motion a decree was entered on July 27, 1923.

This decree provided for the payment of $10 per week for the support of the daughter Ruth B. Harvey from and after May 5, 1923; that the respondent should have no further allowance for her own support and that said decree should be entered as of May 5, 1923.   This decree further

declared that an execution in the sum of $342 which had been ordered and issued against the petitioner on July 10, 1923 covering weekly payments which the petitioner had been ordered to make but which at the time of the issuance of said execution were in arrears should be "vacated and set aside in all respects." From this decree the respondent has prosecuted her appeal to this court. She has also brought another bill of exceptions including the same matters covered by her appeal, apparently being in doubt as to the particular manner in which she should proceed in bringing the questions involved before this court.

In passing upon questions of a similar nature we have heretofore held that an appeal was the proper method. In *Warren v. Warren*, 36 R. I. 167, it was held that an appeal from a decree awarding alimony would properly lie. (1) In *Wilford v. Wilford*, 38 R. I. 55 an appeal was entertained in a matter of alimony and in *Phillips v. Phillips*, 39 R. I. 92 this court again said that an appeal was an appropriate method for bringing a decree for alimony to this court for review.

The exception of the respondent is to the decision of the trial justice denying her motion for a new trial. An examination of the record does not disclose anything which would justify us in sustaining this exception and therefore it must be overruled. An allowance for support during the pendency of the petition is not restricted, limited or in any way dependent upon the outcome of the suit. (2) It was within the province of the Superior Court to enter a decree modifying the order of May 2, 1921, giving to the respondent the sum of $38 a week, reducing said sum thereafter to $10 a week to be applied to the support of the daughter, Ruth B. Harvey.

The Superior Court, however, undertook to make its action retroactive by the entry of its decree as of May 5, 1923 and to order that from that date the respondent should not receive any money for her support and maintenance, and further that an execution for a balance of $342 ordered

against the petitioner on July 10, 1923 covering an unpaid balance of the $38 per week should be "vacated and set aside in all respects."

(3)    We think that the decree of the Superior Court so far as it was retroactive and undertook to wipe out any claim which the respondent had for a balance which had already accrued, and for a portion of which an execution had been issued, was error.

To cut off the amount already due a wife as an allowance for her support, an allowance upon which she had a right to rely and upon the strength of which she may have contracted obligations would not only be embarrassing but unjust.

We think that notwithstanding the disposition of the suit, granting a divorce to the petitioner, that the respondent is fully entitled to $38 a week up to July 27, 1923 and that from and after that date it was competent for the Superior Court to decree that the daughter, Ruth B. Harvey, should receive $10 per week and that there should be no further allowance to the respondent.

The respondent's appeal from the decree denying to her the allowance of $38 per week after May 5, 1923, and recalling and setting aside an execution issued against the petitioner on  July 10, 1923, we think must be sustained.

Allowance of $38 per week granted to the respondent covered the support of herself and her daughter Ruth. We think the respondent is entitled to $38 per week to July 27, 1923, and thereafter Ruth B. Harvey is entitled to $10 per week until further order of the court.

The respondent's exception is overruled.  Her appeal is sustained.  The decree of the Superior Court, in so far as it was made retroactive, is reversed.  The parties may present to this court a form of a decree in accordance with this opinion.

*Cooney & Cooney, Philip C. Joslin,* for petitioner.
*Fitzgerald & Higgins,* for respondent.