STEPHANIE M. CORNELL *vs.* PERL L. CORNELL.

JUNE 16, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This petition, for divorce from bed and board, and motion in the nature of a cross-petition for absolute divorce, after denial of the original petition and decision for respondent on his cross-petition, is before this court on petitioner's exceptions on the ground that the decision is against the law and the weight of the evidence, and also on respondent's appeal from a decree, entered subsequent to the decision on the merits, denying respondent's motion to modify a previous decree granting petitioner $15 per week for maintenance and support and further requiring respondent to pay the expenses of a transcript of the testimony of the previous hearing necessary to bring petitioner's exceptions before this court, and to pay counsel fees for the appeal.

We shall first consider petitioner's exceptions to the decision for respondent on his cross-petition. An examination of the record discloses a situation in which each party testified to many violations of the marriage covenant on the part of the other party, each denying the truth of the other's testimony. These were questions of fact for the consideration of the trial justice, and the evidence was of such nature that a repetition thereof would serve no useful purpose. It is clear, however, that the charges and denials made by each of the parties and corroborated in whole or in part by witnesses produced by them were such that the conduct and appearance of those testifying, under both direct and cross-examination, must have been exceedingly important in determining the questions of fact involved.

In his rescript the trial justice discussed the testimony in detail and gave careful consideration to the questions

presented in this court—which were undoubtedly raised in the court below—particularly as to the probability of the occurrences testified to, and as to whether the influence of the environment into which the petitioner was brought by reason of respondent's illegal business tended to exculpate her to some extent. In view of the palpably unbelievable testimony of some of petitioner's witnesses, we cannot say that the conclusions of fact by the trial justice were erroneous; on the contrary, the evidence is sufficient to sustain the decision against petitioner. Her exception to said decision is overruled.

As to the second matter before us, the appeal of respondent from the rulings refusing to modify the decree for petitioner's allowance and granting petitioner's motion that respondent pay her counsel fees and the cost of the transcript necessary for her appeal to this court, it appears that the justice who heard said motion did not believe the testimony that respondent was destitute and could not pay the amount ordered. The question of his ability to pay, his conduct with regard to bank accounts, automobiles and other matters which in the mind of said justice might well have caused a serious doubt of the testimony that respondent's financial condition was as desperate as he implied,—all these were questions of fact for the decision of the trial justice and we think his refusal to modify the allowance was correct.

On the second point, the authorities are in accord in holding that a wife should be given the right to have reviewed in an appellate court the decision of the court below granting her husband an absolute divorce. *Disborough* v. *Disborough*, 51 N. J. Eq. 306; *Rosecrans* v. *Rosecrans*, 145 Atl. 3; *Sterling* v. *Sterling*, 145 Md. 631; *Arndt* v. *Arndt*, 177 Mo. App. 420; 19 C. J., p. 209, § 507. Sec. 14, Chap. 291, G. L. 1923, provides that: "The said court . . . may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or

separate maintenance . . . as it may think reasonable and proper." This statute, which requires the husband to place the wife in a position where she may present her case in court as fully as he may, should in justice be construed to give her advantages similar to his, namely, to have an adverse decision reviewed before an appellate tribunal. There was testimony from which the court was justified in finding that respondent was of sufficient financial ability to furnish his wife funds with which to continue the proceedings to their conclusion.

The respondent's appeal is denied and dismissed. The case is remitted to the Superior Court for further proceedings.

*James H. Kiernan*, for petitioner.
*Peter W. McKiernan, John C. Going*, for respondent.