GLADYS A. GARTNER *vs.* WALTER M. GARTNER.

JUNE 13, 1952.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. After the respondent had perfected his appeal from a decree of the superior court in favor of petitioner, with reference to various motions filed by the parties in a divorce action, petitioner filed a motion in the superior court praying for an allowance of further counsel fees to enable her to defend such appeal in this court "for and in behalf of her minor son." The appeal of respondent from the above-mentioned decree has been decided in a separate opinion filed this day. *Gartner* v. *Gartner*, 79 R. I. 399.

The petitioner's motion for further counsel fees was called for hearing before a justice of the superior court who had not heard any of the prior proceedings. Without taking testimony but solely upon the oral statement of her counsel in support of the representations in her motion, the trial justice, over respondent's objection, granted the motion and entered a decree directing respondent to pay to the solicitors for the minor child, Abbott Gartner, the sum of $800 in order to defend his rights on respondent's appeal to this court. From such decree respondent has claimed an appeal.

On this question of awarding counsel fees for services not already rendered but to be rendered in preparation for and at the hearing on respondent's appeal, the trial justice was without the benefit of any personal knowledge of the probable nature and scope of such future services. In this respect he was in a far different position from the trial justice who sat through the numerous hearings on the original motions appealed from and who thus acquired an intimate knowledge of the character and extent of the services which petitioner's counsel had rendered for and in behalf of Abbott

Gartner. Possessed of such knowledge that justice was in an advantageous position not only to evaluate the services actually rendered but to determine whether they were necessary in the interest of Abbott as distinguished from the purely personal interest of the petitioner.

In our opinion the trial justice who heard the instant motion had no basis other than the self-serving statements of counsel for petitioner upon which to base an award of counsel fees of $800, even if he had the power to do so. Apparently he did not expressly decide that he had such power but merely assumed it and proceeded on that assumption to fix the amount of the fees which he deemed would be reasonable compensation for the services which petitioner's counsel represented they would be required to render.

At the hearing before us petitioner's counsel cited and relied upon general laws 1938, chapter 416, §14, as warranting the superior court to entertain the motion in question. We do not think that the language therein is sufficiently broad to comprehend a proceeding such as the instant one where the petitioner on appeal is neither prosecuting nor defending against a petition for divorce or separate maintenance. In *Cornell* v. *Cornell,* 53 R. I. 352, this court approved an award of counsel fees to the petitioner to defend against an appeal by the respondent, but there the petitioner was at the time in the course of prosecuting in this court exceptions to the superior court's denial of her petition for separate maintenance and also of defending against the decision of that court granting respondent's cross petition for an absolute divorce. In the case at bar the proceedings in question arose after petitioner had obtained her final decree of divorce. Such supplementary proceedings are well recognized, but whether or not the superior court on appeal from its decision has the power to award counsel fees to the petitioner in advance to defend such appeal here appears not to have been considered by this court.

Whatever may be the power of the superior court in such

circumstances, we are satisfied that in the present instance the award of $800 counsel fees by a justice who was not personally familiar with the character and extent of the prior proceedings in that court and who had no evidence presented to him of the nature and value of the professional services to be rendered in defending the appeal was without any factual basis to support it and is therefore erroneous.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court.