125 A.2d 194 (1956)
Felicia DI NOFRIO
v.
John DI NOFRIO.
Eq. No. 2399.
Supreme Court of Rhode Island.
August 30, 1956.
*196 Charles A. Kelley, Paul E. Kelley, Providence, for petitioner.
Paul & Motta, Alfred E. Motta, Providence, for respondent.
CONDON, Justice.
This is a wife's petition for divorce on the grounds of extreme cruelty and neglect to provide. The husband filed an answer thereto in the nature of a cross petition for divorce on the grounds of extreme cruelty, gross misbehavior repugnant to and in violation of the marriage covenant, and willful desertion. After a hearing on the merits in the superior court, the trial justice granted the petition on the ground of extreme cruelty, awarded the petitioner alimony of $25 per week, and denied and dismissed the cross petition. The respondent excepted to such decision and has brought the cause here by his bill of exceptions containing that exception and several others taken to rulings during the trial. He thereupon refused to pay alimony.
After the decision and after respondent had filed his notice of intention to prosecute a bill of exceptions thereto, petitioner filed a motion in the superior court praying that respondent be ordered to pay her a suitable counsel fee to enable her to defend respondent's bill of exceptions in this court. After a hearing thereon the trial justice entered a decree awarding her a counsel fee of $110. From that decree respondent filed an appeal to this court and also prosecuted a bill of exceptions.
Upon the filing of such appeal the respondent also declined to comply with that decree. The petitioner thereupon moved to adjudge him in contempt for failure to pay her alimony and also counsel fees. The trial justice granted the motion as to the counsel fees, adjudged respondent in contempt and allowed him until April 15, 1955 to purge himself thereof. A decree to that effect was duly entered and from such decree respondent has appealed to this court. He has also prosecuted a bill of exceptions thereto.
We shall dispose of the questions raised by those two motions before considering the exceptions to the trial justice's decision on the merits. In the first place the correct procedure for bringing to this court for review decrees entered on motions filed after a decision on the merits of a divorce petition is by appeal and not by a bill of exceptions. Harvey v. Harvey, 45 R.I. 383, 123 A. 82. We shall consider only the appeals from the decrees granting such motions. The bills of exceptions as to such motions are dismissed.
The respondent contends that the decree granting the motion for counsel fees to enable petitioner to defend on review in this court the decision on the merits is against the law and the evidence and the weight *197 thereof. As to the law, he argues that general laws 1938, chapter 416, § 14, is the sole authority for the superior court awarding counsel fees to a wife in a divorce case; that in Gartner v. Gartner, 79 R.I. 410, 89 A.2d 375, 376, this court has decided such section does not comprehend proceedings on appeal; and that in any event this section sets up two conditions that the moving party must meet before she may be granted an award. The first is that she must show the husband has a sufficient estate out of which such fees may be paid, and secondly, that she is without property of her own available for the purpose.
The respondent misconstrues the Gartner case. In that case we pointed out that the wife was "neither prosecuting nor defending against a petition for divorce or separate maintenance." And we cited Cornell v. Cornell, 53 R.I. 352, 166 A. 815 to show that if she were doing either of these an award of counsel fees would be proper. In the case at bar petitioner is still engaged in prosecuting her petition for divorce and defending against respondent's cross petition as a result of his prosecution of a bill of exceptions in this court. The trial justice, therefore, did not err in so considering her status under § 14.
The next question is whether or not she showed by sufficient credible evidence that respondent was able to pay the counsel fees sought and that she was without means to do so. Such conditions must be satisfied before the trial justice is warranted in making an award. However, the section vests the decision of these matters in the discretion of the trial justice and unless such discretion is abused this court will not disturb his decision. There is evidence here upon which the trial justice could have relied to exercise his discretion. Although such evidence is meager, it is not disputed and we cannot say that it is so utterly lacking in probative force that it amounted to an abuse of discretion for the trial justice to base an award of a counsel fee of $110 upon it. Hence we affirm the decree.
In view of that conclusion it seems unnecessary to consider respondent's appeal from the decree adjudging him in contempt for failure to pay the fee as ordered. However, it appears that the trial justice compelled him to purge himself by complying with the decree, notwithstanding his claim of appeal. He ruled that the appeal did not suspend the decree, because such decree was interlocutory and there was no appeal from it. This was error. The decree was not interlocutory. It was a final disposition of an independent matter which arose after the case on the merits had been concluded and was therefore subject to review by appeal. An appeal having been duly taken, the effect thereof was to suspend the operation of the decree pending final determination of the appeal in this court. And the same is true of the decree adjudging respondent in contempt. His appeal therefrom suspended that decree and he should not have been compelled to purge himself while such appeal was pending. Hence we must reverse the decree entered on that motion, but since we have already ruled that there was no error in the award of counsel fees on the motion therefor an order for repayment of such fees to respondent cannot be made.
This brings us to the consideration of respondent's exception to the decision on the merits of the petition and the cross petition and his exceptions to the rulings therein. We have examined the three exceptions to the admission or exclusion of certain testimony and we are of the opinion they are without merit and need not be discussed at length. In our opinion, regardless of what might have been the effect of the rulings if the trial justice were hearing the case with a jury, no prejudice to respondent resulted where as here the trial justice himself was the trier of the facts.
Under his other exceptions respondent has briefed and argued three contentions. The first is that the decision is clearly wrong because respondent's conduct does not constitute extreme cruelty. This *198 court has declined to define extreme cruelty but it has held that such cruelty is not confined to acts of physical violence or threats of the same. Bastien v. Bastien, 57 R.I. 176, 189 A. 37. Evidence of such acts is not indispensable to the proof of a charge of extreme cruelty. A course of conduct that is totally devoid of physical violence or threats of the same but which has the effect of impairing the health of the injured party will warrant the granting of a divorce on that ground. Grant v. Grant, 44 R.I. 169, 116 A. 481. Thus extreme cruelty may be proved by evidence of such conduct or by physical acts of a sufficient degree of violence.
In the case at bar petitioner testified to a series of acts of physical violence by respondent which for the most part he denied but which the trial justice expressly found to be true. He also found that respondent and his witnesses, who testified to incidents of questionable conduct by petitioner, were unworthy of belief. He further found that petitioner was a faithful wife who had performed all the obligations of the marriage covenant.
The respondent argues under his second contention that those findings were clearly wrong. On our view of the evidence in this respect we cannot say the trial justice was clearly wrong. In our opinion there is no merit in this contention. It appears from the evidence that on a number of occasions respondent committed acts of violence toward petitioner which indicated a cruel disposition and amounted to a course of conduct that put her in physical fear of him. Since the trial justice had the advantage of seeing respondent on the witness stand he had a better opportunity than we have from the record to evaluate such acts and determine whether in the aggregate they furnished a reasonable basis for concluding that they amounted to extreme cruelty. In any event we cannot say from the record that they were of such minor consequence as to justify us in holding that his decision was clearly wrong. And we are of a like opinion with reference to his findings as to the lack of credibility of respondent and his witnesses.
The respondent's third contention is that the trial justice misconceived the evidence and was not fair and impartial in his conduct of the trial. He argues that such denial of a fair trial was due to the trial justice's misunderstanding of respondent's personality. The respondent claims that he was not well but was sick and was tired while testifying; that as a result his responses to questions were not as clear and incisive as they should have been; and that he wandered in his speech and at times had trouble putting his thoughts into proper words. He further claims that because the trial justice did not understand his, respondent's, condition he took a position against him very early in the trial and continued to manifest this biased attitude to the end. The respondent cites fifty-six incidents during the trial to support the contention that the trial justice, allegedly without good reason, became impatient with him, interrupted his testimony, interfered with his counsel's presentation of his case, and otherwise exerted an influence on the development of the evidence that was patently adverse to respondent and unfair.
These are serious charges. If they could be established as having the effect which respondent so emphatically asserts, they would unquestionably disqualify the trial justice because of a preconceived prejudice against respondent. However, after carefully considering the numerous incidents relied upon we are of the opinion that they fail to establish any such disqualifying prejudice. We shall not relate the incidents here but suffice it to say they are mostly manifestations of impatience at the tendency of respondent repeatedly to fail to respond to simple questions propounded to him and to go off on long recitals of inconsequential matters after the trial justice had cautioned him to confine his answers to *199 the matter involved in the question. Later, as the trial progressed, the trial justice apparently became convinced that respondent and his witnesses were not telling the truth and he showed it at times by the manner in which he interfered in their direct and cross-examination.
Perhaps it would have given the unsuccessful party less reason to question the decision on the score of partiality and prejudice, if the trial justice had restrained his impatience, even though sorely provoked, and especially if he had refrained from interfering on his own volition with the examination of respondent. But while conduct of that nature may be subject to criticism it does not of itself necessarily result in an unfair trial. In this instance we cannot say that the trial justice's unusual conduct was of such a nature and gravity as to render the trial clearly unfair to respondent.
However, in our opinion the trial justice clearly erred in one respect. There is no evidence in the record to warrant an award of alimony of $25 a week. The petitioner herself testified that she required only $20 a week for her support. Evidence of a need for any greater amount is wholly absent. An award must be based on some evidence. The award here should, therefore, be limited to $20 a week. To that extent the respondent's exception to the decision is sustained.
The respondent's appeal from the decree granting the petitioner $110 for a counsel fee is denied and dismissed, and the decree appealed from is affirmed.
His appeal from the decree adjudging him in contempt is sustained, the decree appealed from is reversed, and the superior court is directed to enter a new decree denying and dismissing the petitioner's motion.
The respondent's exception to the decision is sustained in part, that is, only as to the allowance of $25 per week alimony, and it is otherwise overruled. All of his other exceptions are overruled, and the cause is remanded to the superior court with direction to enter a new decree in accordance with this opinion including an award to the petitioner of $20 per week alimony, and for further proceedings.