*Francis I. McCanna, Francis A. Kelleher,* for petitioner.

*Stephen F. Mullen,* Special Counsel, for respondent.

GEORGE R. SMITH *vs.* LULA MAE SMITH.

JUNE 27, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

18 

Condon, C. J. This is a petition for certiorari to review a decree of the superior court ordering the petitioner to pay a fee of $225 to counsel for the respondent in a divorce case pending in that court. We issued the writ and the superior court in compliance therewith has certified for our inspection all of its records relating to said case. In the meantime on the prayer of the petitioner the order complained of was stayed by us pending our determination of his petition.

The petitioner contends that the decree is illegal and void because counsel for respondent is also the paid counsel of the state department of social welfare and therefore is not entitled to personal gain for work he is bound to do for the state. He also contends that such conduct on the part of counsel is a breach of the canons of ethics, and furthermore that there was no evidence to justify an order for the payment of a fee of $225 in view of the financial circumstances of petitioner.

There is no merit in the first contention. The petitioner is mistaken in assuming that the instant case involves the principle which was applied in *Orr* v. *Tanner*, 12 R. I. 94. In that case the respondent accepted compensation from his client's adversary in the course of settling a claim and the court quite properly held: "To receive any compensation from the opposite party or his attorney, without the consent of his own client, is a breach of the trust reposed in him by his employer."

In the case at bar respondent's counsel by appearing for her and asking the court to award him compensation was not in any sense acting adversely to the state's interest nor contrary to his obligation as counsel of the state department of social welfare. The record shows that he first attempted to participate in the divorce proceedings

as such counsel and that the trial justice informed him that he had no right to do so since such department was not a party therein, but that he would be heard if respondent desired him to represent her. Notwithstanding that she thereupon expressed such a desire, petitioner's counsel continued his objection and several times characterized respondent's counsel as unethical until he was finally admonished by the trial justice to desist and was told that if he had any such complaint to make he should take it elsewhere as it was not involved in the pending proceeding.

The trial justice did not exceed his jurisdiction nor did he otherwise commit error in so ruling. We are aware of no law, statutory or decisional, which precludes a lawyer who is employed by the state from representing other clients merely because he is so employed, even though such clients may have had dealings with the particular state department in which he is so employed, provided such clients' interests are not adversary to the state. However, this is not to say that the department could not be given authority to require its counsel to give full time to the duties of his state employment. Our attention has not been called to any regulation of that nature. And in any event if there were such a regulation it would not rest with petitioner in a divorce case to invoke it but solely with the state in protecting its own interest.

In view of the above it must be obvious that Canon 36 of Canons of Professional Ethics which petitioner cites has no application in the circumstances here. That canon in part provides: "A lawyer, having once held public office or having been in the public employ, should not after his retirement accept employment in connection with any matter which he has investigated or passed upon while in such office or employ." The petitioner's counsel was ill advised, to say the least, in charging his brother attorney with viola-

tion of that canon and therefore with unconscionable conduct. In our opinion the trial justice was justified in reproving him therefor and he did not err in refusing to consider such contention.

The petitioner's third contention is entitled to consideration. To justify an award of counsel fees to a wife in a divorce case she must show that her husband has a sufficient estate out of which such fees may be paid and that she is without property of her own available for that purpose. General laws 1956, §15-5-16. *DiNofrio* v. *DiNofrio*, 85 R. I. 21, 125 A.2d 194. The uncontradicted evidence at the hearing in the superior court was to the effect that petitioner had a 1949 Buick Special automobile which he used in going to and from his employment and that he earned $52 a week. Out of this sum he testified to certain items of regularly recurring weekly expenses amounting to $32. He was ordered to pay $20 a week for the support of his two minor children. There was no evidence that he owned any other property than the Buick car. Apparently petitioner was without financial means to meet any further obligations unless he was able to reduce his weekly expenses of $32.

Nevertheless at the conclusion of the final hearing on the allowance of counsel fees the trial justice ordered petitioner to pay respondent within thirty days the sum of $225. He prefaced such order with the following statement: "In the ordinary case, this case would call for a $75 counsel fee. It appears on the argument and evidence before me that petitioner contemplates a lot of action in this case, including supreme court action in the nature of certiorari or something. Why, I don't know, but that being so, Mrs. Smith will necessarily have to be represented by counsel at great expense."

Under the statute, G. L. 1956, §15-5-16, the trial justice is vested with discretion in determining the need and amount of counsel fees and unless such discretion is abused

this court will not disturb his decision. It is also settled law that where the award is by interlocutory decree pending a hearing on the merits of the petition for divorce such decision cannot be reviewed except by certiorari. *Simeone v. Simeone,* 80 R. I. 210. Because we were of the opinion that the circumstances of the award appeared to warrant review we allowed the writ of certiorari to issue as an appropriate remedy to correct promptly an alleged abuse of judicial discretion which would otherwise in the circumstances be beyond redress. *Rosenfeld* v. *Rosenfeld,* 51 R. I. 381. Therefore we deem respondent's objection to such remedy to be without merit.

However, after considering the record we are not convinced that a counsel fee could not properly be awarded by the trial justice. If he had confined his award to what was before him and had not attempted to project his judgment into the future on a possible state of litigation which might originate in this court he would have been on safe ground, and an award of $75 would have been beyond successful attack as an abuse of discretion. But when he undertook to make his award sufficient to comprehend what he assumed would be the respondent's burden of legal expense in defending a probable proceeding here, we think he abused his discretion and in effect exceeded his jurisdiction which at that time was to determine the respondent's need for counsel to represent her solely in the divorce proceedings then pending in the superior court.

The petition for certiorari is granted, and the decree making an award of $225 for a counsel fee is quashed, but without prejudice to the respondent having a new decree entered in the superior court awarding a counsel fee in the sum of $75.

*Thomas W. Pearlman,* for petitioner.

*Leonard A. Kamaras,* for respondent.