250 A.2d 708.

DONALD FOLGO vs. SHARON FOLGO.

MARCH 6, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition brought by a mother to modify the terms of a final decree of divorce entered on March 30, 1967, which required her former husband to pay her the sum of $10 a week for the support of their three-year-old daughter. A justice of the family court heard and denied the petition. The mother has prosecuted an appeal to this court.

The final decree required the husband who was then about to enter military service to " * * * do that which is necessary in order to make available to the respondent and cross-petitioner such allotment as is available under the rules and regulations of the United States Armed Forces for the support of said minor child * * *." This was to be done in lieu of the $10 support order. Upon return to civilian life, respondent was to resume his weekly payments.

At the hearing in the family court, it was shown that respondent never joined the military. He has remarried. Both he and his wife are schoolteachers. It is conceded that he is earning $1,000 more in salary than he was at the time of the entry of the final decree.

The mother testified that the expense involved in the feeding and clothing of her daughter had increased since the time of the final decree. She said the child had developed a foot ailment which necessitated medical attention. Although petitioner is employed, she told the court that additional expenses in the payment of rent and baby-sitting fees had reduced her ability to meet her daughter's needs.

In ruling on respondent's motion to dismiss the instant petition, the trial justice acknowledged that the husband had received a $1,000 increment in salary, but declared that the court had no evidence as to his expenses either at the time of the entry of the final decree or of his present expenses. He further remarked that he was not satisfied that petitioner had shown a "substantial" change in her needs. It is our opinion that the family court erred in using these standards as criteria to determine the validity of petitioner's request.

In *Ferrazza* v. *Ferrazza,* 102 R. I. 265, 229 A.2d 773, we enunciated the controlling principles of law in such cases. We held that the moving party has the dual burden of establishing the child's increased need of support and also that the father's ability to pay more than the amount originally fixed has likewise increased. Nowhere has this court said that there must be a showing of a "substantial" change in the child's need. Further, we do not believe that it is the burden of the mother to elicit from the child's father a listing of his expenses. Once it is shown that a father's income has increased since the time of the previous decree, it is his burden to come forward and present evidence of

his true and present income. He may not stand mute in the face of such proof and offer no evidence in mitigation, thereby expecting to avoid an increased obligation to support his child.

The petitioner's appeal is granted, that portion of the decree appealed from[1] is reversed and the cause is remanded to the family court for further proceedings.

*Isidore Kirshenbaum, Alfred Factor,* for plaintiff-appellee.

*Leonard A. Kamaras,* for defendant-appellant.

---

[1]When the mother filed the instant petition, the respondent filed a cross petition in which he sought to have the petitioner adjudged in contempt for her alleged failure to comply with certain provisions of the final decree which regulated his right to visit the three-year-old child. The cross petition was denied. No appeal was taken by the father.