266 A.2d 52.

DONALD FOLGO *vs.* SHARON FOLGO.

JUNE 11, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. The named parties to this litigation were divorced by a decree of the Family Court entered March 30, 1967. By the terms of that decree, custody of a minor child together with an allowance of $10 weekly for the support of said child were awarded to the mother.

Thereafter, the mother filed a motion in the Family Court to amend the March 30, 1967 decree, seeking by said motion to have the weekly allowance increased. After hearing, this motion to amend was denied, and a decree to this effect duly entered in the Family Court. From that decree, the mother prosecuted an appeal to this court. Our decision reversing the decree is reported in *Folgo* v. *Folgo*, 105 R. I. 206, 250 A.2d 708.

After our decision in the aforecited case was filed, the mother filed a motion in the Family Court whereby she sought an award of a counsel fee and other legal expenses incurred in connection with the prosecution of her motion for an increase in the weekly allowance for the support of the child.

However, at the hearing on the motion in the Family Court, the father was not permitted to adduce evidence on the issue of his ability to pay. Rather, the Family Court justice limited the hearing to a determination of the reasonable value of the legal services rendered. Based on evidence relating to the nature and extent of such legal services and the recommended minimum fee schedule of the Rhode Island Bar Association, the Family Court justice awarded the sum of $750 for the legal services and $30 for the cost of the transcript in the appeal of the mother to this court in *Folgo* v. *Folgo, supra.*

The record in the instant appeal establishes that, when counsel for the father attempted to show that his client's financial circumstances were such that his ability to pay for legal services was limited, the Family Court justice refused to receive such evidence, stating, "I am ruling that

his circumstances have nothing to do with the reasonableness of the attorney for his wife and child's fee, that is my ruling." Counsel for the father thereupon made an offer of proof.

From the entry of a decree embodying the award of a $750 counsel fee and reimbursement of $30 to counsel for the transcript in *Folgo*, the father seasonably appealed to this court. He does not, however, challenge the validity of the award of $30 for the transcript, and, insofar as the decree relates to this award, it is affirmed.

However, he vigorously challenges the Family Court justice's ruling that financial circumstances bearing on ability to pay for legal services rendered to the mother on behalf of the child were not germane. We think that there is merit to his position.

It is on the authority of G. L. 1956, §15-5-16, that the Family Court obtains its discretionary power to award a counsel fee to the petitioning wife or mother out of the estate of the respondent husband or father. This section provides in pertinent part:

> "The said court may regulate the custody and provide for the education, maintenance, and support of children of all persons by it divorced or petitioning for a divorce, and of all persons to whom a separate maintenance may be granted or who may petition for the same; may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper * * * *"

Passing on this language in *Cornell* v. *Cornell*, 53 R. I. 352, 166 A.815, this court upheld the award of a counsel fee to the wife out of the estate of her husband where, as the case points out, the trial justice had found as a fact that the husband was of sufficient financial ability.

Subsequently, in *Gartner* v. *Gartner,* 79 R. I. 399, 89 A.2d 368, this court held that the legislative grant of discretion heretofore quoted was by necessary implication broad enough to authorize an award of counsel fees to the mother out of the estate of the child's father for legal services rendered to the mother in prosecuting a motion for allowance for support of the child. The question of the father's ability to pay such an award was not in issue. See also *Gower* v. *Gower,* 101 R. I. 719, 227 A.2d 191.

Nevertheless, in *DiNofrio* v. *DiNofrio,* 85 R. I. 21, 125 A.2d 194, this court was at pains to consider the circumstances under which discretion to award counsel fees could be exercised, pursuant to the provisions of the statute here in question. There, we expressly held that the exercise of the trial justice's discretion to award counsel fees to a wife out of the estate of her husband was premised on a showing by sufficient credible evidence that the husband was able to pay the counsel fees sought and that she was without means to do so. An award absent the satisfying of these conditions would, we held, constitute an abuse of discretion.

While the rule as thus stated in *DiNofrio* v. *DiNofrio, supra,* related to the motion of a wife made in connection with her defense to the prosecution of her husband's bill of exceptions to the denial of his cross petition for divorce, we think it applies to any motion for counsel fees made under the statute. In either case, an award of counsel fees is a burden imposed by law which, being a rule of reason, should not cast on the respondent a burden in excess of his ability to meet. Moreover, with regard to the award of a counsel fee out of the estate of the father for the prosecution of a motion seeking an allowance for support of the child, we are mindful of the rule that an award of allowance for support in excess of the father's ability to pay constitutes an abuse of discretion. *Spaziano* v. *Spaziano,*

94 R. I. 258, 179 A.2d 849; *Getek* v. *Getek,* 81 R. I. 493, 104 A.2d 750; *Reynolds* v. *Reynolds,* 79 R. I. 163, 85 A.2d 565.

It is inconceivable that a motion for an allowance of support or education for a minor would be subject to a limitation not placed on a motion for counsel fees sought for services rendered in connection with the prosecution of the support motion. Consequently, the refusal of the Family Court justice in the instant cause to receive evidence germane to the father's ability to pay the awarded counsel fee was a clear abuse of discretion. Indeed, it was the mother's burden to show the father's ability to pay.

It is our judgment, therefore, that the decree appealed from should be affirmed as to the award of $30 for the cost of the transcript, but otherwise reversed, and the cause remanded to the Family Court for further proceedings.

*Kirshenbaum & Kirshenbaum, Isidore Kirshenbaum, Hayden C. Covington,* for petitioner.

*Leonard A. Kamaras,* for respondent.