276 A.2d 754.

PAUL CHARLES TOY, SR. *vs.* MADALEINE LOUISE TOY.

MAY 3, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This cause is before us on the appeal of the petitioner, Paul Charles Toy, Sr., from a decree entered on April 8, 1969, in the Family Court ordering the petitioner to pay the respondent's counsel the sum of $2,500 for services to date and $1,000 for services in connection with an appeal previously filed by the petitioner from a decree entered in the Family Court on March 21, 1969.[1]

The basic issue raised by this appeal involves the validity of the award of counsel fees. However, we believe that a brief discussion of the factual background of this dispute will be helpful in understanding the questions raised in this proceeding.

The petitioner and respondent were married in this state in 1933. No children are involved in this case. In October 1967, petitioner filed a petition for absolute divorce from respondent on the grounds of extreme cruelty. In January 1968 respondent filed a cross petition denying any wrongdoing on her part and charging petitioner with extreme cruelty. She also requested an award for her support and for counsel and witness fees.

The petitioner's petition for divorce was heard in September 1968 before a justice of the Family Court. After the hearing a decree was entered denying and dismissing petitioner's petition. The respondent's cross petition was passed.

Sometime after the denial of his petition for divorce the petitioner went to the state of Nevada; he had been living in Rockville, Connecticut, for some time before leaving for Nevada. In December 1968, respondent filed a motion to enjoin petitioner from proceeding with any divorce ac-

---

[1]The only appeal before us in this proceeding is the appeal from the decree entered on April 8, 1969, ordering the payment of counsel fee.

tion in Nevada or in any other jurisdiction and she also requested an award for her support.

After a hearing in the Family Court, the trial justice held that petitioner was personally subject to the jurisdiction of the Family Court and he enjoined petitioner from proceeding with any other divorce proceedings against respondent in Nevada or elsewhere. The matter as to support, not having been pressed by respondent, was passed. On December 24, 1968, a decree incorporating his findings and orders was entered in the Family Court. It also provided that copies thereof were to be mailed to petitioner in care of his attorney of record in the Nevada proceeding and to the clerk of the Nevada court in which the Nevada action was pending.

On January 8, 1969, a final decree of divorce was entered in the Nevada court in favor of petitioner. He then married a woman from Rockville, Connecticut.

On January 15, 1969, petitioner's attorneys in this case filed a motion to withdraw as his counsel. They based their motion on the grounds that they did not know his whereabouts; that he had not been in contact with them for some time; and that they had no way of contacting him. They stated that his last known address was a post office box in Providence.

On January 27, 1969, respondent filed a motion to adjudge petitioner in contempt of the court's order enjoining petitioner from proceeding with his Nevada divorce action. The respondent again asked for a support order.

On February 7, 1969, the motion of petitioner's attorneys to withdraw was heard and denied and respondent's motion for support was continued to February 21, 1969, when the trial justice heard respondent's motion for support and her motion to adjudge petitioner in contempt of the Family Court's decree enjoining him from proceeding with the Nevada court action. On March 21, 1969, a decree was

entered finding petitioner in contempt and allowing him to purge himself of contempt by paying the sum of $5,000 to respondent within 30 days. The decree also ordered petitioner to pay $50 a week to respondent for her support, commencing February 28, 1969. The petitioner filed an appeal from this decree, but it is not before us in this proceeding.

On February 27, 1969, petitioner filed a motion to assign respondent's cross petition to a day certain for hearing on the merits. By an order entered on March 18, 1969, the Family Court granted this motion, on condition that petitioner first purge himself of contempt by either paying respondent $5,000 in accordance with that court's prior order, or in the alternative, by presenting himself before the Family Court to show cause why he should not so purge himself.

The petitioner did not purge himself of contempt and neither did he comply with the support order. The respondent, on March 19, 1969, filed a motion for counsel fees, together with a certification that copies thereof had been mailed to petitioner's counsel of record in this state and to petitioner at an address in Rockville, Connecticut, where petitioner was then residing. The motion contained a request that it be assigned for hearing on March 28, 1969. In addition to her allegation that she was without funds to pay counsel fees to her attorney, the motion contains an itemized statement of the services performed by her attorney up to that time. The respondent asked the Family Court to award her "a suitable sum for attorney's fees for services to-date and on the pending appeal."

On March 28, 1969, the Family Court heard respondent's motion and granted the relief requested. The petitioner did not appear in person at this hearing, but his counsel of record was present, cross-examined respondent and her counsel, and participated fully in such hearing. On April

8, 1969, a decree was entered in the Family Court ordering petitioner to pay to respondent's counsel $2,500 for services rendered to date and $1,000 for services in connection with the petitioner's pending appeal from the March 21, 1969 decree. As we have previously stated, it is the appeal from the decree of April 8, 1969, awarding counsel fee, which is now before us.

1.

The petitioner's first contention raises a question of jurisdiction. He asserts that his counsel were attorneys of record in the prosecution of his petition, but not in the defense of respondent's cross petition. Therefore, he argues, once his petition for divorce was denied and dismissed, he was no longer represented by his counsel and service on the latter was not sufficient to vest the Family Court with in personam jurisdiction of petitioner to make an award of counsel fees.

The record does not support the premise on which petitioner bases his challenge to the jurisdiction of the Family Court to award counsel fees; in fact, the record supports the opposite conclusion, namely, that petitioner's counsel of record represented him in the cross petition as well as in the orignal petition. We need only point to the motion filed by petitioner's counsel on February 27, 1969, asking the Family Court to assign respondent's cross petition for a hearing on the merits. This motion was signed by said counsel as "Attorney for petitioner" and was served by him by mailing a copy thereof to respondent's attorney of record. Moreover petitioner's counsel participated in the hearing of this motion in the Family Court. The petitioner's claim that his counsel of record did not represent him in the cross petition is clearly without merit and requires no further discussion.

Even though petitioner's petition for divorce had been denied and dismissed in September of 1968, respondent's

cross petition was alive when the motion for counsel fees was served and filed. He continued to be represented by his counsel of record, and the Family Court continued to have jurisdiction of the parties as well as the subject matter. Since petitioner's counsel represented him in the cross petition, service on said counsel was sufficient to bind petitioner and actual service on petitioner was not required. On this record the Family Court, having jurisdiction of the parties, had the authority to order petitioner to pay counsel fees. *Compare, Borda* v. *Borda,* 43 R. I. 384, 386-87, 113 A. 118, 119-20; *Annot.* 16 A.L.R.3d §33 at 355-56.

## II

Having decided that the Family Court had jurisdiction of petitioner, we now come to petitioner's argument that in the circumstances of this case the award of counsel fees was error.

The controlling statute is G. L. 1956 (1969 Reenactment) §15-5-16, which, in pertinent part, reads as follows:

> "The said court * * * may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper * * * and the court may make all necessary orders and decrees concerning the same and the same at any time may alter, amend, and annul for sufficient cause, after notice to the parties interested therein."

We have had occasion to pass on this statute in a long line of cases with varying factual backgrounds. These cases have established certain well-defined guidelines. In *Smith* v. *Smith,* 88 R. I. 17, 143 A.2d 309, the court said:

> "To justify an award of counsel fees to a wife in a divorce case she must show that her husband has a sufficient estate out of which such fees may be paid

and that she is without property of her own available for that purpose." *Id.* at 21, 143 A.2d at 312.

In *Smith* v. *Smith, supra,* the court cited *DiNofrio* v. *DiNofrio,* 85 R. I. 21, 125 A.2d 194. In the *DiNofrio* case, this court said:

"The next question is whether or not she showed by sufficient credible evidence that respondent was able to pay the counsel fees sought and that she was without means to do so. Such conditions must be satisfied before the trial justice is warranted in making an award. However, the section vests the decision of these matters in the discretion of the trial justice and unless such discretion is abused this court will not disturb his decision." *Id.* at 25, 125 A.2d at 197.

Only recently, in discussing *DiNofrio* v. *DiNofrio, supra,* we said:

"An award absent the satisfying of these conditions would, we held, constitute an abuse of discretion." *Folgo* v. *Folgo,* 107 R. I. 231 at 234, 266 A.2d 52 at 54.

In applying the statute and the law set forth in the cases discussed above, we inquire first whether there is any credible evidence that petitioner has a sufficient estate out of which such counsel fees may be paid, *Smith* v. *Smith, supra,* or whether respondent showed by sufficient credible evidence that petitioner was able to pay the counsel fee sought. *DiNofrio* v. *DiNofrio, supra.*

There is no credible evidence in this record that petitioner was able to pay the counsel fee sought or that he had a sufficient estate out of which such fees could be paid. The uncontradicted evidence is that petitioner was unemployed at the commencement of these proceedings and there is no competent evidence in the record that he was employed at any time thereafter. Nor is there any evidence that he had any other income. It is true, as respondent testified, that petitioner and respondent were joint owners of the home in which respondent lived in Cranston, Rhode Island. However, as the trial justice correctly

pointed out during the hearing on respondent's motion for counsel fee, there is no evidence at all as to the value of such real estate or of petitioner's equity therein which the trial justice could take into consideration in passing on petitioner's ability to pay a counsel fee.

It is clear from *Smith, DiNofrio,* and *Folgo,* all *supra,* that a wife seeking counsel fees under the statute must meet both tests set forth in those cases, namely, (1) a showing that the husband has the ability to pay or a sufficient estate out of which such fees may be paid, and (2) that the wife is without property of her own available for such purpose. Absent compliance with the two tests mentioned above, the Family Court lacks authority to grant counsel fees under §15-5-16. Since there is no competent evidence establishing compliance with the first test, the trial justice erred in granting respondent's motion for counsel fees. In view of this conclusion we do not reach petitioner's remaining contentions.

The petitioner's appeal is sustained; the decree appealed from is reversed; and the case is remitted to the Family Court for further proceedings.

*Adler, Pollock & Sheehan, Peter Lawson Kennedy,* for petitioner.

*Adolph N. Anderson, Jr.,* for respondent.